FILED

1  MANATT, PHELPS & PHILLIPS, LLP
   MARGARET LEVY (Bar No. 66585)
2  ALISON SULTAN WHITE (Bar No. 240367)       13 JAN 11 PM 3: 22
   11355 West Olympic Boulevard
3  Los Angeles, CA 90064                       CLERK U.S. DISTRICT COURT
   Telephone: (310) 312-4000                   CENTRAL DIST. OF CALIF
4  Facsimile: (310) 312-4224                        LOS ANGELES
   mlevy@manatt.com
5  aswhite@manatt.com                          BY:_____

6  *Attorneys for Defendant*
   COLUMBUS LIFE INSURANCE COMPANY
7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                    WESTERN DIVISION

11       CV13- 00232 DMи( MRИx)

12  NARINDER S. GREWAL M.D.,           Civil Action No.
    PRITPAL GREWAL and NARINDER S.
13  GREWAL M.D., A MEDICAL             NOTICE OF REMOVAL OF ACTION
    CORPORATION,                       TO UNITED STATES DISTRICT
14                                     COURT
                 Plaintiffs,
15
         vs.
16
17  NOVA BENEFIT PLANS, LLC, NOVA
    SICKNESS, ACCIDENT & DISABILITY
18  INDEMNITY PLAN & TRUST,
    NATIONAL WESTERN LIFE
19  INSURANCE COMPANY, COLUMBUS
    LIFE INSURANCE COMPANY,
20  FIDELITY GUARANTY AND LIFE
    INSURANCE COMPANY, EDWARDS,
21  WILDMAN & PALMER, LLP f/k/a
    EDWARDS & ANGELL, LLP,
22  WILLIAM J. HOWARD, HOWARD &
    ASSOCIATES, LLC, TFS ADVISORS,
23  INC., JASON WILLET, DONALD
    TRUDEAU, and DOES 1 - 20,
24  INCLUSIVE,

25               Defendants.

26

27

28

MANATT, PHELPS &    306080345.1
  PHILLIPS, LLP
ATTORNEYS AT LAW
  LOS ANGELES

PLEASE TAKE NOTICE that Defendant Columbus Life Insurance Company ("Columbus Life") hereby removes the above-entitled civil action from the Superior Court of the State of California, for the County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1331, 1332 and 1441, et seq., and 29 U.S.C. § 1001, et. seq. and alleges and states as follows:

### FILING OF COMPLAINT

1. On or about November 16, 2012, there was filed in the Superior Court of the State of California for the County of Los Angeles the above-entitled civil action bearing case number BC 495864 in the records and files of that Court. Plaintiffs' Complaint is the initial pleading setting forth the claim for relief upon which this action is based.

### SERVICE OF THE SUMMONS AND COMPLAINT

2. Columbus Life was personally served with the Summons and Complaint on December 14, 2012.

3. Columbus Life has no knowledge that any of the other defendants have been served or appeared in this action.

4. Not more than thirty (30) days have passed since service of the Summons and Complaint on Columbus Life.

### DEFENDANT'S ANSWER

5. Columbus Life filed its Answer to the Complaint with the Superior Court of California for the County of Los Angeles and served Plaintiffs with same on January 10, 2013.

### DIVERSITY JURISDICTION

6. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332(a) in that complete diversity of citizenship and the required amount in controversy both exist in this civil action,

1  which may therefore be removed to this Court pursuant to 28 U.S.C. Section

2  1441(a).

3      7.      At the commencement of this action, Columbus Life was, and

4  now is, a corporation duly organized and existing under the laws of the State of

5  Ohio, with its principal place of business in the State of Ohio.

6      8.      At the commencement of this action, Plaintiffs Narinder S.

7  Grewal M.D. and Pritpal Grewal ("Plaintiffs") were, and now are, individuals who

8  are residents of Los Angeles, California and are citizens of California. (Compl., ¶

9  1).

10      9.      At the commencement of this action, Plaintiff Narinder S.

11  Grewal M.D., A Medical Corporation was, and now is, a California corporation

12  with its principal place of business in Los Angeles, California. (Compl., ¶ 2).

13      10.      At the commencement of this action, Defendant NOVA Benefit

14  Plans, LLC was and now is a Delaware limited liability corporation with its

15  principal place of business in the State of Connecticut. (Compl., ¶ 3).

16      11.      At the commencement of this action, Defendant NOVA

17  Sickness, Accident & Disability Indemnity Plan & Trust was and now is a multiple

18  employer welfare benefit plan and trust with its principal place of business in the

19  State of Connecticut. (Compl., ¶ 4).

20      12.      At the commencement of this action, Defendant National

21  Western Life Insurance Company was and now is a Colorado corporation with its

22  principal place of business in the State of Texas. (Compl., ¶ 5).

23      13.      At the commencement of this action, Defendant Fidelity

24  Guaranty and Life Insurance Company (sic) was and now is a Maryland

25  corporation with its principal place of business in the State of Maryland. (Compl.,

26  ¶ 7).

27      14.      At the commencement of this action, Defendant Edwards

28  Wildman & Palmer, LLP f/k/a Edwards & Angell, LLP was and now is a Delaware

1    limited liability partnership with its principal place of business in the State of

2    Massachusetts.  (Compl., ¶ 8).

3             15.    At the commencement of this action, Defendant William J.

4    Howard was and now is a citizen of Arizona.  (Compl., ¶ 9).

5             16.    At the commencement of this action, Defendant Howard &

6    Associates, LLC, was and now is an Arizona limited liability corporation with its

7    principal place of business in the State of Arizona (Compl., ¶ 10).

8             17.    Defendant TFS, Inc. was an Arizona corporation with its

9    principal place of business in the State of Arizona (Compl., ¶ 11).  Defendant TFS,

10   Inc. was dissolved in 2007.

11            18.    At the commencement of this action, Defendant Jason J. Willett

12   was and now is a citizen of Arizona.  (Compl., ¶ 12).

13            19.    At the commencement of this action, Defendant Jay Trudeau

14   was and now is a citizen of Connecticut.  (Compl., ¶ 13).

15                          <u>AMOUNT IN CONTROVERSY</u>

16            20.    The matter in controversy in this action, exclusive of interest

17   and costs, exceeds in value the sum of $75,000.  Plaintiffs' Complaint alleges

18   causes of action for negligent misrepresentation, professional negligence, breach of

19   fiduciary duty, violation of unfair business practices act (business & professions

20   code sections 17200, et seq. and 17500, et seq., violation of the consumer legal

21   remedies act (civil code section 1750, et seq., and violation of the insurance code

22   section 790-790.15 in connection with a multiple employer welfare benefit plan.

23   Plaintiffs Complaint seeks Plan contributions, Plan administrative and transfer fees,

24   back taxes, penalties and interest owed to the IRS and Section 6707A penalties in

25   excess of $15,000,000.00, plus mental anguish damages, interest, attorneys' fees,

26   treble damages, costs, and punitive damages.  (Compl. ¶¶ 40, 42, and 95 and the

27   Prayer for Relief).

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

306080345.1                    3         NOTICE OF REMOVAL OF ACTION TO UNITED
                                         STATES DISTRICT COURT

## FEDERAL QUESTION JURISDICTION

### ERISA

21.    This Court also has original federal question jurisdiction pursuant to 28 U.S.C. Section 1331, in that the Employee Retirement Income Security Act, 29 U.S.C. Section 1001, et seq., ("ERISA") preempts all claims asserted in Plaintiff's Complaint.

22.    In their Complaint, Plaintiffs seek damages and injunctive relief in connection with a multiple employer welfare benefit plan issued to the NOVA Sickness, Accident & Disability Indemnity Plan & Trust (the "NOVA SADI Plan"). The NOVA SADI Plan is a multiple employer welfare benefit plan governed by ERISA, and Plaintiffs claims for damages and injunctive relief in connection with the NOVA SADI Plan are therefore governed by ERISA.

23.    Title 29 U.S.C. Section 1002(3) defines the term "employee welfare benefit plan" as:

> [A]ny plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization or both . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise (a) medical, surgical or hospital care for benefits, or benefits in the event of sickness, accident, disability, death or unemployment. . . .(b) any benefit described in section 302(c) of the Labor Management Relations Act, 1947, [29 U.S.C. § 186(c)].

24.    Effective December 5, 2005, Plaintiff Narinder S. Grewal M.D., a medical corporation, adopted the Plan by entering into the NOVA SADI Plan Adoption Agreement. (Complaint, ¶ 40). The purpose of the Plan was to provide benefits for Plaintiffs' employees in the event of sickness, accident, disability or death, therefore the Plan is governed by ERISA. Plaintiffs are seeking to recover their contributions paid to the Plan, as well as administrative and transfer fees paid to the Plan. (Complaint, ¶ 95).

1        Based on the foregoing, complete diversity of citizenship and the

2    required amount in controversy both exist in this civil action, pursuant to 28 U.S.C.

3    Section 1332.  In addition, the United States District Court for the Central District

4    of California has original jurisdiction under 28 U.S.C. Section 1331 based on

5    federal question jurisdiction.  Based on the foregoing, Plaintiffs' Complaint may be

6    removed under 28 U.S.C. Sections 1441 (a) and (b).

7        WHEREFORE, Columbus Life files this Notice of Removal of this

8    action from the aforesaid Superior Court, in which it is now pending, to the United

9    States District Court for the Central District of California, located at 312 South

10   Spring Street, Los Angeles, California 90012.  (Copies of all process, pleadings,

11   and orders received and filed by Columbus Life are attached to this Notice as

12   Exhibit "1" and incorporated herein by this reference.)

13       WHEREFORE, Columbus Life prays that this action be removed from

14   the Superior Court of the State of California for the County of Los Angeles to the

15   United States District Court for the Central District of California.

16

17   Dated:  January 11, 2013        MANATT, PHELPS & PHILLIPS, LLP
                                                    MARGARET LEVY
18                                                  ALISON SULTAN WHITE

19

20   By: _____
                                                    Margaret Levy
21                                                  *Attorneys for Defendant*
                                                    COLUMBUS LIFE INSURANCE
22                                                  COMPANY

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

**EXHIBIT 1**

**CT Corporation**

**Service of Process Transmittal**
12/14/2012
CT Log Number 521790031

TO:   Donald Wuebbling, General Counsel
      COLUMBUS LIFE INSURANCE COMPANY
      400 BROADWAY, MS 32
      CINCINNATI, OH 45202

RE:   **Process Served in California**

FOR:  COLUMBUS LIFE INSURANCE COMPANY (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Narinder S. Grewal, M.D., et al., Pltfs. vs. Nova Benefit Plans, LLC, et al. including Columbus Life Insurance Company, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint, Cover Sheet, Instructions, Addendum and Statement, Notice, ADR Information Packet, Order to Show Cause Hearing, Notice of Case Management Conference |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA<br>Case # BC495864 |
| **NATURE OF ACTION:** | Insurance Litigation - Fraud and negligent misrepresentation of the NOVA SADI plan |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/14/2012 at 14:27 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - File written response // 01/25/2013 at 8:30 a.m. - Order to Show Cause // 2/27/2013 at 8:30 a.m. - Case Management Conference // No later than 30 days before the Case Management Conference - Meet and confer // At least 15 days prior to Case Management Conference - File Case Management Statement |
| **ATTORNEY(S) / SENDER(S):** | Anthony L. Vitullo<br>Fee Smith Sharp & Vitullo, LLP<br>13155 Noel Road<br>Suite 1000<br>Dallas, TX 75230<br>972-934-9100 |
| **REMARKS:** | Please note that Page 2 of the Notice of Case Assignment was not received with the documents at the time of service. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 794313906162<br>Email Notification, Donald Wuebbling donald.wuebbling@mslife.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / JL

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

6

00/00/2012  13:17:27 FAX  2132499990    NATIONWIDE LEGAL EXPRESS    12-14-12.

2:27 pm.    1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NOVA Benefit Plans, LLC
(See list of additional defendants)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Narinder S. Grewal, MD, ~~Prippal~~ PRITPAL Grewal and Narinder S. Grewal, MD,
A Medical Corporation

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| **CONFORMED COPY** |
| **ORIGINAL FILED** |
| SUPERIOR COURT OF CALIFORNIA |
| COUNTY OF LOS ANGELES |
| **NOV 28 2012** |
| John A. Clark, Executive Officer/Clerk |
| BY _____ Deputy |
| Ishaylia Chambers |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:** *(Número del Caso):* BC495864 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| | | | |
|---|---|---|---|
| DATE: *(Fecha)* | John A. Clark, Clerk, by *(Secretario)* | _____ | Ishaylia Chambers, Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOV 28 2012

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Columbus Life Insurance Company

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

### LIST OF ADDITIONAL DEFENDANTS FOR SUMMONS:

NOVA SICKNESS, ACCIDENT & DISABILITY INDEMNITY PLAN & TRUST

NATIONAL WESTERN LIFE INSURANCE COMPANY

COLUMBUS LIFE INSURANCE COMPANY

FIDELITY GUARANTY AND LIFE INSURANCE COMPANY

EDWARDS, WILDMAN & PALMER, LLP f/k/a EDWARDS & ANGELL, LLP

WILLIAM J. HOWARD

HOWARD & ASSOCIATES, LLC

TFS

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 16 2012

John A. Clarke, Executive Officer/Clerk
BY _____ Deputy
Ishaylia Chambers

1  Anthony L. Vitullo, Esq. (SB # 244183)
2  Fee Smith Sharp & Vitullo, LLP
   13155 Noel Road, Suite 1000
3  Dallas, Texas 75230
   Tel: (972) 934-9100; Fax: (972) 934-9200
4
5  Dalton Harris
   Laura Richards Sherry
6  The Harris Firm
   5050 W. Lovers Lane
7  Dallas, TX 75209
   Tel: (214) 956-7474; Fax: (214) 956-7405
8
9  John Malesovas
   The Malesovas Firm
10 816 Congress Avenue, Suite 1265
   Austin, TX  78701
11 Tel: (512) 708-1777; Fax: (512) 708-1779

BC 495864

12
13            SUPERIOR COURT FOR THE STATE OF CALIFORNIA
14              IN AND FOR THE COUNTY OF LOS ANGELES
15

BC 495864

16 NARINDER S. GREWAL M.D.,        §  Case No.:
17 PRITPAL GREWAL and NARINDER S.  §
   GREWAL M.D., A MEDICAL          §  _____
18 CORPORATION                     §  Judge:  Hon.
19              Plaintiffs,        §  _____
                                   §  Complaint Filed:
20 v.                              §  _____
                                   §
21                                 §  ORIGINAL COMPLAINT
                                   §  Complaint: Consumer Action
22 NOVA BENEFIT PLANS, LLC, NOVA   §     FRAUD
   SICKNESS, ACCIDENT &            §  NEGLIGENT MISREPRESENTATION
23 DISABILITY INDEMNITY PLAN &     §  PROFESSIONAL NEGLIGENCE
   TRUST, NATIONAL WESTERN LIFE    §  BREACH OF FIDUCIARY DUTY
24 INSURANCE COMPANY, COLUMBUS     §  VIOLATION OF UNFAIR BUSINESS
   LIFE INSURANCE COMPANY,         §  PRACTICES ACT (BUSINESS &
25 FIDELITY GUARANTY AND LIFE      §  PROFESSIONS CODE SECTIONS
   INSURANCE COMPANY, EDWARDS,     §  17200, ET SEQ. AND 17500, ET
26 WILDMAN & PALMER, LLP f/k/a     §  SEQ.
   EDWARDS & ANGELL, LLP, WILLIAM  §  VIOLATION OF THE CONSUMER
27 J. HOWARD, HOWARD &             §  LEGAL REMEDIES ACT (CIVIL
28 ASSOCIATES, LLC,   TFS          §  CODE SECTION 1750, ET SEQ.;

- 1-
Original Complaint

9

| 1 | ADVISORS, INC., JASON WILLET, | § | VIOLATION OF THE INSURANCE |
| 2 | DONALD TRUDEAU, and DOES 1 – 20, | § | CODE SECTION 790-790.15 |
| 3 | INCLUSIVE              Defendants. | § § § | |

4

5   Plaintiffs Narinder S. Grewal M.D., Pritpal Grewal and Narinder

6   S. Grewal M.D., A Medical Corporation, upon information and belief,

7   allege as follows:

8   **PARTIES TO THE ACTION**

9   1. Plaintiffs **Narinder S. Grewal M.D.** and **Pritpal Grewal** are

10  individuals who are residents of Los Angeles, California. Narinder S.

11  Grewal M.D. and Pritpal Grewal are married.

12  2. Plaintiff **Narinder S. Grewal M.D., A Medical Corporation** is a

13  California corporation which, at the time of the transactions made

14  the subject of this suit, was owned by Narinder S. Grewal M.D. and

15  Pritpal Grewal in 2005 and Narinder S. Grewal in 2006 and 2007, and

16  whose principal place of business is in Los Angeles, California.

17  3. Defendant **NOVA Benefit Plans, LLC** is a purported limited

18  liability corporation that markets investments in the NOVA Sickness,

19  Accident & Disability Indemnity Plan & Trust throughout the United

20  States, including California, through agents such as William J.

21  Howard, Jason Willet, and Donald Trudeau. Defendant NOVA Benefit

22  Plans, LLC may be served with process by serving Wayne, H. Bursey at

23  Nova Benefit Plans, LLC's principal place of business as follows:

24  Nova Benefit Plans, LLC

25  Grist Mill Plaza

26  100 Grist Mill Road

27  Simsbury, CT 06070

28

- 2 -<br>Original Complaint

4. Defendant **NOVA Sickness, Accident & Disability Indemnity Plan & Trust ("NOVA SADI Plan")** purports to be a multiple employer welfare benefit plan but in fact is nothing but an entrepreneurial device used by Nova Benefit Plans, LLC, insurance companies and their agents to sell life insurance products and generate huge commissions.   NOVA SADI Plan may be served with process by serving its Trustee at the following address:

NOVA SADI Plan

Wayne H. Bursey, Trustee

Grist Mill Plaza

100 Grist Mill Road

Simsbury, CT 06070

5. Defendant **National Western Life Insurance Company ("NWLIC")** is a Colorado corporation with its principal executive offices in Austin, Texas who engaged in business in California.   Defendant NWLIC may be served with process by serving its registered agent at the following address:

CT Corporation System

818 W. Seventh Street

Los Angeles, CA 90017

6. Defendant **Columbus Life Insurance Company ("CLIC")** is an Ohio Corporation who has done business in and conducted torts in the State of California which give rise to Plaintiffs' claims.   Columbus Life Insurance Company may be served with process by serving its registered agent as follows:

Jere Keprios, Registered Agent

Columbus Life Insurance Company

838 W. Seventh Street

---

- 3 -

Original Complaint

11

Los Angeles, CA 90017

7. Defendant **Fidelity Guaranty and Life Insurance Company** ("Fidelity") is a company wholly owned by Harbinger Group, Inc. that is headquartered in New York.  Fidelity may be served with process by serving its President Lee Launer at Fidelity's principal place of business as follows:

Fidelity & Guaranty Life Insurance Company

1001 Fleet Street, 6th Floor

Baltimore, MD 21202

8. Defendant **Edwards Wildman & Palmer, LLP f/k/a Edwards & Angell, LLP**, is a Delaware corporation whose conduct and business in the State of California give rise to Plaintiffs' claims.  Defendant Edwards Wildman & Palmer, LLP f/k/a Edwards & Angell, LLP may be served with process by serving its president at his principal place of business as follows:

Edwards Wildman & Palmer, LLP f/k/a Edwards & Angell, LLP

111 Huntington Ave

Boston, MA  02199

9. Defendant **William J. Howard** is an individual residing in Arizona whose conduct and business in the State of California give rise to Plaintiffs' claims.  Defendant William J. Howard can be served with process by serving him at his principal place of business as follows:

William J. Howard

Howard & Associates, LLC

3216 N. Third Street

Phoenix, AZ 85012

- 4 -

Original Complaint

10.     Defendant **Howard & Associates, LLC**, upon information and belief, is an Arizona corporation whose conduct and business in the State of California give rise to Plaintiffs' claims.    Howard & Associates, LLC can be served by serving its president at the following address:

William J. Howard

Howard & Associates, LLC

3216 N. Third Street

Phoenix, AZ 85012

11.    Defendant **TFS, Inc.**, upon information and belief, is an Arizona corporation whose conduct and business in the State of California give rise to Plaintiffs' claims.   TFS, Inc. can be served by serving its president William J. Howard at its principal place of business as follows:

TFS Inc.

3216 N. Third Street, 2nd Floor

Phoenix, AZ 85012

12.     Defendant **Jason J. Willett** is an individual who resides in Arizona whose conduct and business in the State of California give rise to Plaintiffs' claims.  Defendant Jason J. Willet can be served with process by serving him at his residential address as follows:

Jason J. Willett

22517 N. 37th Ter

Phoenix, AZ  85050

13.  Donald Jay Trudeau is an individual resident of Connecticut.  Trudeau may be served with process at his principal place of business at the following address:

2187 Atlantic Street

Stamford, CT  06902

14.   The true names and capacities of the Defendant named as DOES 1 through 20 are presently unknown to Plaintiffs, who therefore sues them by such fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of these Defendants when they have been determined.  Each of the fictitiously named Defendants is responsible in some manner for the conduct alleged herein.  The DOE Defendants are private individuals, associations, partnerships, corporations or institutes who participated in the wrongful conduct alleged herein in ways which are unknown to Plaintiffs at this time.  Some or all of the DOE Defendants may be residents of the State of California.

15.   Jason Willet, TFS, Inc., and Donald Trudeau were acting as the agents of National Western Life Insurance Company, with the express or implied authority to engage in the acts complained of, and National Western Life Insurance Company subsequently benefited financially from those acts and ratified the conduct.   National Western Life Insurance Company is jointly and severally responsible for the actions of these Defendants and non-parties.

16.  William J. Howard and Howard & Associates, LLC were acting as the agents of Columbus Life Insurance Company, with the express or implied authority to engage in the acts complained of, and Columbus Life Insurance Company subsequently benefited financially from those acts and ratified the conduct.   Columbus Life Insurance Company is jointly and severally responsible for the actions of these Defendants and non-parties.

17. Jason Willet, TFS, Inc., Donald Trudeau, William J. Howard, and Howard & Associates, LLC were acting as the agents of Nova Benefits Plan, LLC, with the express or implied authority to engage in the acts complained of, and Nova Benefits Plan, LLC subsequently benefited financially from those acts and ratified the conduct. Nova Benefits Plan, LLC is jointly and severally responsible for the actions of these Defendants and non-parties.

18. Jason Willet, TFS, Inc., Donald Trudeau, William J. Howard, and Howard & Associates, LLC were acting as the agents of Nova Sickness, Accident & Disability Indemnity Plan & Trust, with the express or implied authority to engage in the acts complained of, and Nova Sickness, Accident & Disability Indemnity Plan & Trust subsequently benefited financially from those acts and ratified the conduct. Nova Sickness, Accident & Disability Indemnity Plan & Trust is jointly and severally responsible for the actions of these Defendants and non-parties.

19. Unless otherwise stated herein, whenever it is alleged in this pleading that Defendant Howard & Associates, LLC committed an act, made a representation or statement, failed to perform an act, or failed to make a statement, it means that Defendant Howard & Associates was acting or failing to act through its authorized agents, partners and/or employees, including but not limited to William J. Howard, who was acting with either express, implied, apparent and/or ostensible authority and that Defendant Howard & Associates, LLC subsequently ratified and benefited financially from these acts, failures to act, representations, statements or conduct.

20. Unless otherwise stated herein, whenever it is alleged in this pleading that Defendant TFS, Inc. committed an act, made a

representation or statement, failed to perform an act, or failed to make a statement, it means that Defendant TFS, Inc. was acting or failing to act through its authorized agents, partners and/or employees, including but not limited to Jason Willet and William J. Howard, who were acting with either express, implied, apparent and/or ostensible authority and that Defendant TFS, Inc. subsequently ratified and benefited financially from these acts, failures to act, representations, statements or conduct.

21.   All Defendants conspired together to defraud Plaintiffs and are jointly and severally liable for Plaintiffs' damages.   All Defendants were engaged in a conspiracy to commit the tortuous acts complained of and therefore every Defendant is liable for all of Plaintiffs' damages.

### JURISDICTION AND VENUE

22.   The Superior Court of the State of California has jurisdiction over this action.   Federal jurisdiction does not exist because Plaintiffs and Defendants NWLIC and Columbus are citizens of the State of California.   Further, Plaintiffs do not seek any relief pursuant to any federal law.

23.   The Court has personal jurisdiction over Defendants because they are California residents, licensed to do business in, and/or conduct a substantial amount of business in, the State of California and their business in the State of California give rise to the claims stated herein.   During the relevant time period, Defendants did sufficient business in, had sufficient contacts with, and intentionally availed themselves of the laws and markets of California through the promotion, sale, marketing, distribution and

1  operation of their products and services, as to render exercise
2  jurisdiction by California courts permissible.

3      24.   Venue is proper because Defendants are doing or have done,
4  during the relevant time period, significant amounts of business in
5  Los Angeles County and many of the acts and practices giving rise to
6  Plaintiffs' claim occurred in this county where Plaintiffs reside.

### BACKGROUND OF § 419 PLANS

9      25.   The NOVA SADI Plan is an insurance sales scheme disguised
10 as a purported 10-or-more employer welfare benefit plan but which in
11 reality is simply a tool used to sell insurance and generate
12 significant profits for all Defendants.

13     26.   The NOVA SADI Plan was formed for use as an insurance sales
14 scheme and was represented to qualify as a "10 or more employer plan"
15 under IRC § 419A(f)(6) which makes contributions to a bona fide tax
16 deductible plan.   The Plan was devised solely to facilitate the sale
17 of whole life policies which would generate exorbitant commissions.
18 Defendants have made millions of dollars with this arrangement.

19     27.   "419A" refers to Internal Revenue Code § 419A (26 U.S.C. §
20 419A) which pertains to the tax treatment of contributions to various
21 welfare benefit funds.   § 419A(f)(6) applies to a "10 or more
22 employer plan" and excepts such plans from certain taxation
23 limitations, the result of which is that an employer can deduct
24 larger contributions to a bona-fide "10 or more employer plan" than
25 can be deducted from some other types of plans.   This section was
26 added to the IRC in 1984 and almost immediately, insurance salesmen
27 began using this section to form bogus "Employer Welfare Benefit
28 Plans."   The NOVA SADI Plan is one of many.

28.   Insurance salesmen and the insurance companies they work for alert on obscure provisions of the Internal Revenue Code because if insurance premiums were tax deductible, they could sell a lot more insurance.   The insurance companies create "Advanced Marketing" divisions to seize on these various Internal Revenue Code provisions as a means of selling significant sums of life insurance as investment vehicles with purportedly favorable tax treatment.   They primarily employ lawyers in these Advanced Marketing divisions because the strategies are so complex and convoluted that the ordinary business man cannot understand them.   These lawyers are charged with figuring our ways to pervert various Internal Revenue Code provisions and turn them into marketing opportunities for the Advanced Marketing arms of the insurance companies.

29.   Congress enacted sections 419 and 419A of the Internal Revenue Code in order to limit deductions available for employer contributions to certain welfare benefit plans and funds.   § 419A(f)(6) provided that these limitations "shall not apply in the case of a welfare benefit fund which is part of a 10 or more employer plan." The rationale for this exception was that the relationship of the participating employer to the plan is similar to the relationship of an insured to an insurer. § 419A(f)(6), however, states that this exception "shall not apply to any plan which maintains experience-rating arrangements with respect to individual employers."

30.   As early as 1995, the IRS had indicated that cash value insurance policies under welfare benefit trusts would not meet the requirements of § 419A(f)(6) and would constitute an impermissible experience rating arrangement. In June 1995, the IRS first announced its position concerning plans that relied upon § 419A(f)(6) in Notice

1  95-34. In this notice, which addressed "tax problems raised by
2  certain trust arrangements seeking to qualify for exemption from §
3  419," the IRS cautioned that multiple employer welfare benefit plans
4  that relied upon § 419A(f)(6), and that used insurance policies with
5  cash value to provide retirement or other benefits would be
6  challenged by the IRS and that tax deductions taken by employers
7  participating in such plans would be disallowed by the IRS.

8      31.  After issuing Notice 95-34, the IRS disallowed the
9  deductions of a number of participants in plans that claimed to
10 comply with § 419A(f)(6) of the Code. In several cases, participants
11 in § 419A(f)(6) plans, with the encouragement of the promoters of
12 those plans, challenged the IRS' interpretation of § 419A(f)(6) in
13 the United States Tax Court. The position taken by the IRS was upheld
14 by the Tax Court in *Booth v. Commissioner,* 108 T.C. 524, (1997).
15 *Booth* held that § 419A(f)(6) did not cover programs "where multiple
16 employers have contributed funds to an independent party to hold in
17 separate accounts until disbursed primarily for the benefit of the
18 contributing employers' employees in accordance with the unique terms
19 established by that employer."

20     32.  On February 28, 2000, the IRS issued Notice 2000-15 which
21 announced that benefit plans with the characteristics identified in
22 Notice 95-34 had been designated by the IRS as "listed transactions."
23 Listed transactions are those transactions that the IRS deems to be
24 "abusive" tax avoidance schemes that presumptively violate the tax
25 laws.

26     33.  Several months after the issuance of Notice 2000-15, the
27 IRS's position critical of § 419A(f)(6) plans was again upheld by the
28 United States Tax Court in *Neonatology Associates, P.A. v.*

1  *Commissioner,* 115 T.C. 43 (2000), aff'd 299 F.3d 211 (3d Cir. 2002).

2  In *Neonatology,* the Tax Court held that employer contributions to

3  Voluntary Employer Benefits Associations, or VEBAs, a form of

4  multiple employer plan, that were used to fund retirement benefits

5  were unlawful deferred compensation plans.

6  　　34.  § 419A pertains to *bona fide* employee welfare benefit

7  plans, and not entrepreneurial insurance schemes, so insurance

8  companies and the salesmen that work for them have encountered a few

9  problems forming these plans, like:  1) "10 or more employers" have

10 to put their money in a fungible fund so that, like group health

11 insurance, everyone's premiums will be affected by the groups'

12 losses; 2) employers have to contribute for employees – not just

13 themselves; and 3) the cost of participation has to be "reasonable in

14 relation to the benefits received so that it will qualify as an

15 ordinary business expense."

16 　　35.  These limitations of a bona fide § 419A plan make it

17 impossible for insurance companies and the salesmen that work for

18 them to make "big" money from selling interests in *bona fide* plans.

19 But the fact that there exists *any* kind of insurance premium which *is*

20 tax deductible made this provision a prime candidate for use by

21 insurance companies and the salesmen that work for them because the

22 existence of a bona fide plan which can be funded by insurance makes

23 it much easier to concoct a sham plan using insurance which, to a

24 layman, looks like the real thing.

25 　　36.  One would think that insurance companies and the salesmen

26 that work for them would be wary of concocting a tax scam, but  §

27 419A has some unique incentives.  A genuine plan can be funded with

28 insurance so any pretense is arguable – that is, an insurance company

1  and the salesman that work for them can devise *any* "plan" and, when
2  the fraud is discovered, he can say he thought it would work, it's
3  very complex, the rules changed, he didn't understand them, etc.,
4  etc.   In addition, the insurance companies themselves are very
5  cleaver in insulating themselves and their salesman from liability.
6  They know that the insurance salesman are motivated to sell §419
7  plans because the commissions which the insurance companies promise
8  to the agents who sell the corresponding policies is enormous – often
9  close to or exceeding 100% of the first year's premium.   The
10 insurance companies have the salesmen slip a 1 or 2 page disclaimer
11 document into the reams of paperwork that the investor is supposed to
12 sign to implement the §419 plan, so that when the inevitable happens
13 – the plan fails to deliver the promised benefits and the IRS comes
14 knocking at the investors door to let them know that not only have
15 they lost the purported tax benefits of the plan, but are now facing
16 substantial interest and penalty payments to the IRS – the insurance
17 companies can disclaim any responsibility.

18    37.   This is what NWLIC, CLIC, and Fidelity have done with the
19 integral assistance and participation of the various other Defendants
20 named herein.   In their mind, two forces are at play:  1) the lure of
21 millions of dollars in profit; and 2) the risk of an IRC § 6700 fraud
22 audit and multiple lawsuits.   The potential for millions of dollars
23 in profits prevailed on this occasion.   Fraud audits and lawsuits
24 were years down the road when the NOVA SADI Plan was formed and
25 Defendants counted on clever lawyering and voluminous, fallacious
26 documentation to dodge liability when the inevitable finally
27 occurred.

28                 **FACTS COMMON TO ALL CAUSES OF ACTION**

1

2      38. Defendants William Howard ("Howard") and Jason Willet

3 ("Willet") flew to Los Angeles to meet with Plaintiffs at least two

4 times in 2005 prior to Plaintiffs' decision to participate in the

5 NOVA SADI Plan.   Defendants Howard and Willet represented that they

6 worked together in regards to these 419A(f)(6) plans.    They

7 represented that the NOVA SADI Plan was a 10 or more employer welfare

8 benefit plan which complied with Internal Revenue Code ("IRC")

9 §419A(f)(6).   They further represented that the NOVA SADI Plan was

10 not subject to the deduction limits of  IRC §419 and IRC §419A so

11 Plaintiff's corporation could take a deduction for the full

12 contribution amount.   Defendants described the NOVA SADI Plan as a

13 safe and legitimate way for Plaintiffs to invest in their retirement.

14     39. Defendants Howard and Willet presented substantial

15 information to the Plaintiffs regarding the benefits of the NOVA SADI

16 Plan.   Defendants represented that Plaintiffs could withdraw the

17 money invested through disability distributions and that such

18 withdrawals could be made tax-free.   Defendants represented that the

19 Plan included a life insurance policy that had a death benefit.

20 Defendants represented that the disability distributions would not

21 affect the death benefit.   Defendants Howard and Willet told

22 Plaintiffs that they could exit the Plan after so many years by

23 purchasing the life insurance policy.

24     40. Based on the representations of Defendants, Narinder S.

25 Grewal M.D., a medical corporation, adopted the Plan on the NOVA SADI

26 Plan Adoption Agreement effective December 5, 2005.    Plaintiff

27 Narinder S. Grewal M.D., a medical corporation, contributed the

28 following amounts to the Plan:  $2,000,000.00 in 2005, $2,300,000.00

1   in 2006, and $1,500,000.00.    Per Defendants' representations,
2   Narinder S. Grewal M.D., a medical corporation, deducted the full
3   amount of its contributions to Plan in 2005, 2006 and 2007.  Upon the
4   advice of Defendants, Plaintiffs did not attach Form 8886 Reportable
5   Transaction Disclosure Statement to their tax returns for 2005, 2006
6   or 2007.

7       41.   Defendants Willet, Trudeau, and Howard told Plaintiffs that
8   they needed to select  life insurance policies and annuities that the
9   Trust would purchase to cover the welfare benefits of Dr. Grewal.
10  The corporation would make contributions to the Trust, and then the
11  Trustee would pay the annual premiums on the cash value life
12  insurance policy issued on the life of Dr. Grewal, and the premiums
13  on the annuities issued on Dr. Grewal.  The insurance policy and the
14  annuities were owned by the Trust and Dr. Grewal selected the
15  beneficiary for the Death Benefits provided under the Plan.
16  Defendants Willet, Trudeau and Howard recommended that Dr. Grewal
17  select products from the NWLIC, CLIC, and Fidelity because these
18  companies had worked with the NOVA Defendants and the products from
19  these companies would definitely be approved.  Upon their advice, the
20  following insurance policies and annuities were purchased for the
21  Plan:

| Insured/Annuitant | Date issued | Policy or Certificate No. | Insurance Company | Policy type |
|---|---|---|---|---|
| Dr. Grewal | 03-8-2006 | Policy No. CM5022960U | Western Columbus Life Insurance Co. | Flexible Premium Adjustable Life Explorer |

| | | | | II Universal Life |
|---|---|---|---|---|
| Dr. Grewal | 02-22-2006 | Certificate No. L9116300, Contract No. 100135 | Fidelity Guaranty and Life Insurance | Group Flexible Premium Deferred Annuity |
| Dr. Grewal | 05-18-2006 | Policy No. 0101141090 | National Western Life Insurance Company | Flexible Premium Deferred Annuity |
| Dr. Grewal | 04-25-2007 | Policy No. 0101163936 | National Western Life Insurance Company | Flexible Premium Deferred Annuity |
| Dr. Grewal | 10-18-2007 | Policy No. 0101175756 | National Western Life Insurance Company | Flexible Premium Deferred Annuity |
| Dr. Grewal | 10-06-2008 | Policy No. 0101197984 | National Western Life Insurance Company | Flexible Premium Deferred Annuity |

42. Unfortunately for Plaintiffs, all of Defendants representations proved untrue. Contrary to the representations made by Defendants to Plaintiffs, they cannot access their investment. In addition, the investment has not performed as represented. Further, the IRS considers the investment to be a fraudulent tax shelter. The

1  IRS found that Plaintiffs' participation in the NOVA SADI PLAN was a

2  "listed    transaction"    and    Plaintiffs    did    not    disclose    such

3  participation by filing Form 8886.   The IRS assessed back taxes in

4  the amount of $6,571,009.00 for the tax years 2005 – 2007, accuracy-

5  related penalties in the amount of $1,944,305.40 for the tax years

6  2005 – 2007.   Interest has not yet been determined as of the date of

7  this filing.   Additionally the IRS assessed 6707A penalties against

8  Dr. Grewal's corporation in the amount of $30,000.00 for 2005 – 2007

9  and against Dr. Grewal individually in the amount of $300,000.00 for

10  2005 – 2007.

11  EDWARDS & ANGELL'S CONDUCT

12        43.   Edwards & Angell authored a 14-page analysis dated April

13  18, 2005, with the intention that it be distributed to sales agents

14  as well as investors with the full knowledge that they would rely

15  upon the same in making a decision to invest in this 419A(f)(6) plan

16  known as the NOVA Sickness Accident Disability Indemnity Trust ("NOVA

17  SADI Plan").   In fact, the analysis directly addressed questions

18  raised by potential agents and potential consumers. This analysis was

19  written by Edwards & Angell for agents, such as Howard, Willet, and

20  Trudeau to rely upon and to provide to potential clients as a

21  marketing tool to sell the NOVA SADI Plan.   Edwards & Angell's

22  analysis was then given to Plaintiffs so they would rely upon the

23  same in deciding whether to invest in the 419A(f)(6) plan.

24        44.   Edward & Angell's analysis regarding the validity of the

25  investment was more than an assurance for Nova Benefit Plan, LLC;

26  such analysis was used as a sales and marketing tool.   Howard,

27  Willet, and Trudeau Defendants relied on this analysis and relayed

28  the overall content regarding the legitimacy of the investment to the

1  Plaintiffs and these Plaintiffs relied on this information in making
2  their respective investments.    Edward & Angell's analysis gave
3  legitimacy to the investment and the Plaintiffs were some of the
4  intended recipients of the analysis for the purposes of inducing them
5  to invest. Edward & Angell charged and collected substantial fees for
6  providing such opinion.  The Edward & Angell analysis was provided to
7  the Plaintiffs as marketing material for them to rely upon in
8  deciding to invest in this 419A(f)(6) plan.

9      45.  The Edward & Angell analysis assured investors, such as
10 Plaintiffs, that 1) their contribution to provide accident or
11 sickness benefits is deductible under §162; 2) the NOVA SADI Plan is
12 a welfare benefit plan and is not a plan of deferred compensation; 3)
13 the NOVA SADI Plan is a plan described in § 419A(f)(6); and 4) the
14 NOVA SADI Plan does not maintain an experience rating assignment.

15     46.  Unfortunately for Plaintiffs, Edward & Angell was not
16 diligent in their analysis of the NOVA SADI Plan and their analysis
17 was both incomplete and inaccurate.

18                    FIRST CAUSE OF ACTION FOR FRAUD
19              (BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

20

21     47.  Plaintiffs repeat and re-allege the allegations set forth
22 in all preceding paragraphs of this Petition, as if fully set forth
23 herein.

24     48.  Defendants made or caused to be made, *inter alia,* the
25 following material misrepresentations, omissions, or misleading
26 statements to Plaintiffs:

27         a.   That the NOVA SADI Plan was a valid, qualified
28              419A(f)(6) plans;

b.   That the contributions to the NOVA SADI Plan were be tax deductible;

c.   That participation in the NOVA SADI Plan would not be considered to be participation in a tax shelter;

d.   That Plaintiffs would be able to get their investment back out of the NOVA SADI Plan without a taxing event.

e.   That Plaintiffs could exit the NOVA SADI Plan by buying the policies.

49.   Defendants' representations were false. Defendants were aware of the falsity of their representations and knew that the IRS was scrutinizing these very types of plans, thus the Plan was not a low-risk retirement investment as Defendants represented the Plan to be.

50.   Alternatively, Defendants made these representations and omissions as a positive assertion, recklessly, without any knowledge of their truth, and with a conscious disregard of the rights and interests of Plaintiffs, and for the purpose of enriching themselves and jeopardizing the financial well being of Plaintiffs. Defendants acted maliciously, oppressively, and with the intent to defraud Plaintiffs. Defendants made these misrepresentations with the intention that they should be acted upon by Plaintiffs. Plaintiffs acted in reliance upon Defendants' misrepresentations and thereby suffered injury.

51.   Defendants failed to disclose, *inter alia*, the following material facts to Plaintiffs, as well as the others described above:

a.   A substantial percentage of the premiums paid toward the policies and annuities were used by NWLIC, CLIC, and Fidelity to pay commissions to the respective

agents and that virtually all of the money invested during the first year was immediately lost because of this;

b.  The risk that Plaintiffs would be audited and all deductions denied and substantial penalties assessed;

c.  That 419A(f)(6) plans had consistently been attacked by the IRS with overwhelming success since the mid-1990s;

d.  That the IRS perceived 419A(f)(6) plans that were used as a means of selling large life insurance policies as abusive tax shelters and that the IRS was not going to allow the deduction of the contribution into these plans;

e.  That according to the IRS the investment is a "listed transaction" as identified by the IRS in Notice 95-34;

f.  That the IRS promulgated proposed IRS regulations in July 2002 which made most of the 419A(f)(6) Plans in existence non-compliant and that according to the IRS, the IRS proposed regulations of July 2002 made the investment non-compliant with IRS regulation 419A(f)(6);

g.  The fact that the Plaintiffs would in all reasonable likelihood never achieve the economic results as represented during the sale; and

h.  The fact that the life insurance policy cash value would continue to deteriorate over time and would never achieve the investment results as represented.

52.   Defendants concealed or failed to disclose the material facts which they had a duty to disclose.   Defendants concealed or failed to disclose the material facts with the intent of creating a false impression of the actual facts in the mind of Plaintiffs. Defendants concealed or failed to disclose the material facts with the intention that they should be acted upon by Plaintiffs. Plaintiffs acted in reliance upon them and thereby suffered injury.

53.   Accordingly, Plaintiffs are entitled to recover their actual damages as well as punitive or exemplary damages from Defendants.

### SECOND CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION
#### (BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

54.   Plaintiffs repeat and re-allege the allegations set forth in all preceding paragraphs of this Petition, as if fully set forth herein.

55.   Pleading additionally or in the alternative, Defendants made the misrepresentations and omissions as described above. Defendants also made misrepresentations regarding the benefits and characteristics of the purported plans.   These misrepresentations were made with the full knowledge of all Defendants, and all Defendants subsequently ratified the same and/or benefited financially therefrom.

56.   These misrepresentations were made either willfully, or alternatively, negligently, without regard for their truth. The misrepresentations were intended by Defendants to be relied on by Plaintiffs.   Defendants negligently prevented Plaintiffs from fully understanding the true nature of the investment in order to prevent

1  Plaintiffs from discovering the various misrepresentations negligence
2  as alleged herein.

3      57.   Plaintiffs  reasonably  relied  on  these  misrepresentations
4  and had the right so to rely.  If Plaintiffs had been told the truth,
5  they would not have participated in the investment.

6      58.  As a result of Defendants' negligent misrepresentations,
7  Plaintiffs have been and will be deprived of the value of their funds
8  invested and other damages of which Defendants' conduct was the
9  proximate cause or cause in fact.  These consequent and proximate
10 injuries would have been avoided if these Defendants had not made the
11 misrepresentations.

12     59.  Because Plaintiffs were induced into investing in the NOVA
13 SADI  Plan  through  fraud,  or  alternatively  through  negligent
14 misrepresentation, Plaintiffs are entitled to equitable rescission of
15 the investments, including the return of their money.   In the
16 alternative, Plaintiffs are entitled to economic damages for which
17 they now sue.

### THIRD CAUSE OF ACTION

### NEGLIGENCE

### (BY PLAINTIFFS AGAINST ALL DEFENDANTS)

22     60.  Plaintiffs repeat and re-allege the allegations set forth
23 in all preceding paragraphs of this Petition, as if fully set forth
24 herein.

25     61.  Defendants owed Plaintiffs a duty to act as a reasonably
26 prudent      insurance      agent/investment      advisor/insurance
27 company/marketing company/law firm would have acted in the same or
28 similar circumstances.  Defendants breached their duty and were

negligent regarding Plaintiffs' participation in the 419A(f)(6) plan investment because:

    a) They had insufficient expertise in §419 Plans, and insufficient knowledge about the investment in particular, to accurately analyze the structure of the investment in order to determine whether, in reasonable probability, tax deductions for contributions into the investment would be allowed by the IRS;

    b) They accepted representations about the character and operation of the investment without performing their own adequate investigation of the plans;

    c) They recommended that the Plaintiffs invest in the 419A(f)(6) Plan when they knew or should have known that they lacked the expertise/information about the investment to make an informed decision about the merits of the investment;

    d) They failed to adequately advise the Plaintiffs of the substantial tax and investment risk of investing in the investment;

62. These Defendants' negligence was the proximate cause of damage to the Plaintiffs.

63. Edwards & Angell, Nova Defendants, NWLIC, CLIC, and Fidelity had a duty to exercise the degree of care, skill, and competence that a reasonably competent investment advisor/insurance company would exercise under similar circumstances. Edwards & Angell, Nova Defendants, NWLIC, CLIC, and Fidelity breached the duty owed to Plaintiffs and were negligent, *inter alia*, in one or more of the following ways:

- 23 -
Original Complaint

31

- Failing to adequately perform, inform, and/or disclose an independent analysis or due diligence regarding the propriety or viability of the 419A(f)(6) plans or Penn Mutual policies that were marketed to Plaintiffs;

- Failing to adequately perform, inform, and/or disclose an independent analysis or due diligence regarding whether the 419A(f)(6) plans that were marketed Plaintiffs were in compliance with the applicable sections of the Internal Revenue Code;

- Failing to adequately review the IRS announcements, notices, and statements regarding 419A(f)(6) plans, or the use of life insurance policies to fund such plans;

- Representing that the 419A(f)(6) plans marketed to Plaintiffs were in compliance with the applicable sections of the Internal Revenue Code;

- Failing to adequately perform, inform, and/or disclose an adequate independent analysis or due diligence regarding whether the contributions to the 419A(f)(6) plan were tax deductible;

- Representing that the contributions to the 419A(f)(6) plan were tax deductible;

- Failing to adequately disclose the known risks related to the 419A(f)(6) plans that they marketed to Plaintiffs;

- Failing to disclose to Plaintiffs the significant commissions that agents were earning with respect to the insurance products sold to Plaintiffs;

- Failing to adequately disclose that there were significant tax risks associated with funding a 419A(f)(6) plan with the insurance products issued by them;

- Failing to adequately disclose that Plaintiffs' investment in a 419A(f)(6) plan would virtually guarantee that they would be audited by the IRS, that they would incur substantial expense in defending the audit and that they would ultimately loose the audit and not only have to pay taxes on the sums previously invested, but also interest and penalties;

- Failing to adequately disclose that professional advisors for certain Defendants had expressly warned them about such risks and advised them not to market these insurance policies for use in a 419A(f)(6) plan;

- Failing to adequately disclose that this 419A(f)(6) plan was likely to be deemed abusive by the IRS; and

- Failing to adequately disclose that the IRS had issued numerous announcements and notices over the years addressing many of the same characteristics of this 419A(f)(6) plan and explaining that such characteristics are contrary to federal tax laws and regulations.

64.  By their actions, Edwards & Angell, Nova Defendants, NWLIC, CLIC, and Fidelity failed to act as a reasonably prudent insurance company would and should have acted under the same or similar circumstances.

65.  Defendants' negligence was the proximate cause of damage to Plaintiffs.

### FOURTH CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY

#### (BY PLAINTIFFS AGAINST ALL DEFENDANTS)

66.   Plaintiffs repeat and re-allege the allegations set forth in all preceding paragraphs of this Petition, as if fully set forth herein.

67.   Plaintiffs assert the following cause of action for breach of fiduciary duty against Howard, Willet, Trudeau, NWLIC, CLIC, Fidelity, and the Nova Defendants.   Defendants owed Plaintiffs a fiduciary duty to recommend a suitable investment that met Plaintiffs' investment objectives and to keep Plaintiffs apprized of all relevant facts relating to their investment in the NOVA SADI Plan.   Defendants breached both common law and statutory fiduciary duties to Plaintiffs by 1) recommending that Plaintiffs participate in the 419A(f)(6) plan, even though it was not suitable for their investment objectives; 2) misrepresenting the tax consequences of the Plan; and 3) failing to disclose relevant information relating to 419A(f)(6) plans and the tax consequences of participation in such plans.

68.   Additionally Defendants NWLIC, CLIC, and Fidelity breached their fiduciary duty based on the suitability of the Plan.   NWLIC, CLIC, and Fidelity owed the Bearden Plaintiffs a fiduciary duty to issue suitable insurance products that met their investment objectives.

69.   Defendants' respective breaches of their fiduciary duties are a producing cause of the Plaintiffs' damages.

#### FIFTH CAUSE OF ACTION

FOR UNFAIR BUSINESS PRACTICES (BUS. & PRO. CODE §§ 17200, ET SEQ. AND 17500, ET SEQ.)

**(BY PLAINTIFFS AGAINST ALL DEFENDANTS)**

70.   Plaintiffs repeat and re-allege the allegations set forth in all preceding paragraphs of this Petition, as if fully set forth herein.

71.   In bringing this action, Plaintiffs herein acts as a private Attorney-General, for their own benefit and for the benefit of the general public.

72.   Plaintiffs are a party engaged in consumer commerce who has been affected by Defendants' unfair business practices.

73.   Defendants, and each of them, sell insurance policies and investments that are based on fraudulent representations as described above.

74.   Defendants engaged in conduct that was unlawful. Specifically, Defendants conduct, as set forth herein, constitutes unfair trade practices in violation of the Unfair Practices Act (Business & Professions Code §§ 17200, et seq. and 17500 et. seq.) in marketing, selling and operating the plan based on misrepresentations about the nature and characteristics of the Plan and the tax benefits of the Plan.   Additionally, Defendants violated the Unfair Practices Act in that Defendants, and each of them, actively concealed, and continue to conceal, material facts and thereby mislead consumers in the manner as described herein.

75.   In addition to being unlawful, the Defendants' conduct was unfair in that it was immoral, unethical and substantially injurious to Plaintiffs as consumers.   Moreover, Defendants were well aware that the purported benefits to Plaintiffs in terms of tax benefits would not manifest and continued to encourage Plaintiffs'

participation in the Plan.  The gravity of harm to the Plaintiffs, in terms of the financial risk they were exposed to, far exceeds the utility of the Defendants' conduct.  (Business & Professions Code §§17200 and 17500).

76.  Not only was the Defendants' conduct unlawful and unfair, it was fraudulent, as it was likely to deceive members of the public and actually did so.

77.  As a result of Defendants' unlawful, unfair, and fraudulent acts and/or omissions, as well as their recalcitrant refusal to acknowledge that such acts and omissions are improper, such conduct will not be fully and completely curtailed without orders of an injunctive nature, as properly determined pursuant to statute and law.

78.  Pursuant to Business & Professions Code §17203, Plaintiffs seek judicial orders of an equitable nature against all Defendants, including but not limited to, orders declaring such practices as are complained of herein to be unlawful, unfair, fraudulent and/or deceptive, and enjoining them from undertaking any further unfair, unlawful, fraudulent and/or deceptive acts or omissions.

79.  In addition, Plaintiffs seek, pursuant to Business & Professions Code §17203, disgorgement and restitution plus interest thereon at the legal rate.

80.  Because Plaintiffs seek to enforce an important right affecting the public interest, Plaintiffs request an award of attorney's fees pursuant to Code of Civil Procedure § 1021.5.

### SIXTH CAUSE OF ACTION

### FOR VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT (CIVIL CODE § 1750, ET. SEQ.)

### (BY PLAINTIFFS AGAINST ALL DEFENDANTS)

81.   Plaintiffs repeat and re-allege the allegations set forth in all preceding paragraphs of this Petition, as if fully set forth herein.

82.   As set forth above, Defendants and each of them, engaged in practices proscribed under the Consumer Legal Remedies Act.   Such conduct includes actively concealing material facts and misrepresenting material facts and thereby misleading the public by failing to inform consumers of the problems with the NOVA SADI Plan and the insurance products purchased to fund the NOVA SADI Plan.

83.   Plaintiffs issued a demand for adequate remedies as required under the Consumer Legal Remedies Act (Civil Code §1750, et. seq.).   While the policy and annuities were ultimately surrendered so that Plaintiffs could pay the amounts owed to the IRS as a result of his participation in the NOVA SADI Plan, Plaintiffs received a fraction of what he initially invested.   After receiving indication that no further remedial action was forthcoming, Plaintiffs invoke their right to seek damages, including but not limited to, actual, consequential, general, and punitive damages, as well as authorized civil penalties, including attorney's fees pursuant to Civil Code § 1780.

### Seventh Cause of Action

#### For Violations of the California Insurance Code

#### (By Plaintiffs against All Defendants)

84.   Plaintiffs repeat and re-allege the allegations set forth in all preceding paragraphs of this Petition, as if fully set forth herein.

85.    Plaintiffs are parties engaged in consumer commerce who have been affected by Defendants' unfair insurance practices.

86.    Defendants, and each of them, sold an insurance policy that was based on fraudulent and deceptive representations as described above.

87.    Defendants, and each of them, actively concealed, and continue to conceal, material facts and thereby mislead consumers as described above.

88.    The conduct of Defendants, as set forth herein, constitutes unfair insurance practices in violation of the California Insurance Code Sections 790 through 790.15

89.    As a result of Defendants' unlawful, unfair, and fraudulent acts and/or omissions, as well as their recalcitrant refusal to acknowledge that such acts and omissions are improper, such conduct will not be fully and completely curtailed without orders of an injunctive nature, as properly determined pursuant to statute and law.

90.    Pursuant to the California Insurance Code, Plaintiff seeks judicial orders of an equitable nature against all Defendants, including but not limited to, orders declaring such practices as are complained of herein to be unlawful, unfair, fraudulent, and/or deceptive, and enjoining them from taking any further unfair, unlawful, fraudulent, and/or deceptive acts or omissions as well as ordering restitution.

DISCOVERY RULE AND FRAUDULENT CONCEALMENT

91.    Plaintiffs repeat and re-allege the allegations set forth in all preceding paragraphs of this Petition, as if fully set forth herein.

92. Plaintiffs did not discover that Defendants had engaged in the false, misleading, or deceptive acts or practices set forth above until long after their improper conduct began. Nor should Plaintiffs have discovered such acts or practices prior to that time. Defendants' false, misleading, or deceptive acts or practices related to a variety of complex legal and/or tax issues, which were well beyond the knowledge and understanding of Plaintiffs. For that reason, Plaintiffs justifiably relied on the advice and expertise of Defendants.

93. In addition, Defendants fraudulently concealed their wrongdoing from Plaintiffs. Despite having actual knowledge that they had engaged in false, misleading, or deceptive acts or practices, Defendants concealed their wrongdoing from Plaintiffs by making misrepresentations and/or by remaining silent when they had a duty to disclose such wrongdoing to Plaintiffs. Defendants made or caused to be made specific misrepresentations to Plaintiffs.

94. Defendants had a fixed purpose to conceal their wrongdoing. Plaintiffs reasonably relied on the above-referenced misrepresentations and/or silence to their detriment.

### DAMAGES

95. The allegations of the above sections are repeated and incorporated as though fully copied herein. As a proximate result of the incident made the basis of this suit and Defendants' conduct, Plaintiffs bring this suit against the Defendants to recover damages for the following items:

1.    Contributions paid to the NOVA SADI   Plan by the Plaintiffs;

2.    Administrative Fees and Transfer Fees paid to the NOVA

1  SADI Plan by the Plaintiffs;

2  3.  Back Taxes, Penalties, and Interest owed to the IRS

3      resulting from Plaintiffs' contributions to the NOVA

4      SADI Plan by the Plaintiffs;

5  4.  6707A Penalties assessed and in reasonably likelihood

6      to be assessed by the IRS resulting from Plaintiffs'

7      contributions to the NOVA SADI Plan;

8  5.  Loss of Investment

9  6.  Mental Anguish Damages

10  7.  Prejudgment and post-judgment interest;

11  8.  Costs of Court;

12  9.  Treble Damages;

13  10.  Punitive or Exemplary Damages;

14  11.  Attorney's Fees; and

15  12.  Such other and further items of damages as may be

16      supplemented as a result of the discovery performed in

17      this suit.

18

19  PRAYER FOR RELIEF

20  WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that this

21  Court award the following to Plaintiffs:

22  1.  damages as alleged and such other amount as may be proven

23      at trial;

24  2.  enjoin Defendants from disbursing the disputed funds

25      pending further orders of this Court;

26  3.  award Plaintiffs their taxable costs, expenses and

27      reasonable attorneys' fees;

28

40

4.    award Plaintiffs treble damages under the Texas Insurance Code and DTPA, and punitive damages in the highest amount allowed by law; and,

5.    award Plaintiffs any such other relief as may be just and equitable in the circumstances.

Respectfully submitted,

Dated: <u>11/15/2012</u>

By: _____
Anthony L. Vitullo
CA State Bar No. 244183
FEE, SMITH, SHARP & VITULLO, LLP
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Telephone:    (972) 934-9100
Facsimile:    (972) 934-9200
lvitullo@feesmith.com

Dalton D. Harris III
Austin H. England
Laura Richards Sherry
THE HARRIS FIRM, P.C.
Attorneys and Counselors
5050 West Lovers Lane
Dallas, Texas   75209
(214) 956-7474 Office
(214) 956-7405 Fax
dalton@lawstop.com
austin@lawstop.com
laura@lawstop.com

**John Malesovas**
The Malesovas Firm
816 Congress Avenue, Suite 1265
Austin, TX   78701
Tel: (512) 708-1777
Fax: (512) 708-1779

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Anthony L. Vitullo
CA Bar No. 244183
13155 Noel Road, Suite 1000
Dallas, TX 75240

TELEPHONE NO.: 972-934-9100   FAX NO.: 972-934-9200
ATTORNEY FOR *(Name):* Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:

**CONFORMED COPY**
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 16 2012

John A. Clarke, Executive Officer/Clerk
BY _____ Deputy
Ishaylia Chambers

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | | BC495864 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[✓] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2.  This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
    a. [✓] Large number of separately represented parties
    b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
    c. [✓] Substantial amount of documentary evidence
    d. [✓] Large number of witnesses
    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
    f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4.  Number of causes of action *(specify):* 7
5.  This case [ ] is  [✓] is not  a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11/13/2012

Anthony L. Vitullo
_____
(TYPE OR PRINT NAME)  ▶  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

42

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability (*not asbestos or
  toxic/environmental*) (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   (*not medical or legal*)
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract (*not unlawful detainer
    or wrongful eviction*)
  Contract/Warranty Breach–Seller
   Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
   domain, landlord/tenant, or
   foreclosure*)

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment (*non-
   domestic relations*)
  Sister State Judgment
  Administrative Agency Award
   (*not unpaid taxes*)
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
   harassment*)
  Mechanics Lien
  Other Commercial Complaint
   Case (*non-tort/non-complex*)
  Other Civil Complaint
   (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

43

| SHORT TITLE: Narinder S. Grewal, M.D., et al v. Nova Benefit Plan, LLC | CASE NUMBER BC495864 |
| --- | --- |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
| --- |

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7 ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
| --- |

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
| --- | --- | --- | --- |
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Narinder S. Grewal, M.D., et al v. Nova Benefit Plan, LLC | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | ✓ Fraud (16) | ✓ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Narinder S. Grewal, M.D., et al v. Nova Benefit Plan, LLC | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Narinder S. Grewal, M.D., et al v. Nova Benefit Plan, LLC | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 818 W. Seventh Street |
|---|---|

| CITY: LOS ANGELES | STATE: CA | ZIP CODE: 90017 |
|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: November 13, 2012

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

47

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)
Case Number _____    BC495864

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Michael P. Linfield | 10 | 631 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. John L. Segal | 50 | 508 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Charles F. Palmer | 33 | 409 | | Hon. Ramona See | 69 | 621 | |
| Hon. Amy D. Hogue | 34 | 408 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Daniel Buckley | 35 | 411 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Joanne O'Donnell | 37 | 413 | | Hon. William F. Fahey | 78 | 730 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | **Hon. Elihu M. Berle** | **323** | **CCW** | |
| Hon. Ronald M. Sohigian | 41 | 417 | | other | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | | |
| Hon. Fredrick C. Shaller | 46 | 601 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT –

UNLIMITED CIVIL CASE

Page 1 of 2

48

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

   **Cases for Which Arbitration May Be Appropriate**
   Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

   **Cases for Which Arbitration May Not Be Appropriate**
   If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

   **Cases for Which Mediation May Be Appropriate**
   Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

   **Cases for Which Mediation May Not Be Appropriate**
   Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

   **Cases for Which Neutral Evaluation May Be Appropriate**
   Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

   **Cases for Which Neutral Evaluation May Not Be Appropriate**
   Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

Cal. Rules of Court, rule 3.221
Page 1 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK                                          ALTERNATIVE DISPUTE RESOLUTION (ADR) DEPARTMENT

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act (DRPA) to provide information about the availability of local dispute resolution programs funded under DRPA. For more information regarding these programs, contact the Los Angeles County Department of Community and Senior Services Contracts Administration Office at 213-738-2621. The following is a list of the local dispute resolution programs funded in Los Angeles County.

Superior Court of California, County of Los Angeles, ADR Office 213-974-5425
www.lasuperiorcourt.org/ADR

---

### STAFF AND VOLUNTEERS OF THE FOLLOWING AGENCIES ARE NOT EMPLOYEES OF THE SUPERIOR COURT:

---

Asian-Pacific American Dispute Resolution Center 213-250-8190 www.apadrc.org

California Academy of Mediation Professionals 818-377-7250 www.campmediation.org

California Lawyers for the Arts, Arbitration, and Mediation Service 310-998-5590
www.calawyersforthearts.org

Center for Civic Mediation 877-473-7658 213-896-6533 www.centerforcivicmediation.org

Center for Conflict Resolution 818-705-1090 www.ccr4peace.org

Centinela Youth Services, City of Hawthorne 310-970-7702 www.cys.la.org

Inland Valleys Justice Center 877-832-9325 www.ivjc.org

Korean American Coalition 4.29 Dispute Resolution Center 213-365-5999 www.kacla.org

Los Angeles County Department of Consumer Affairs, Dispute Settlement Services 213-974-0825
www.dca.lacounty.gov

Loyola Law School, The Center for Conflict Resolution 213-736-1145 www.lls.edu/ccr

Norwalk Dispute Resolution Program 562-929-5603 www.ci.norwalk.ca.us/socialservices2.asp

Office of the Los Angeles City Attorney, Dispute Resolution Program 213-485-8324
www.atty.lacity.org/mediate

---

### THE PROGRAMS LISTED ABOVE DO NOT OFFER LEGAL ADVICE OR HELP YOU RESPOND TO A SUMMONS; HOWEVER, THEY MAY ASSIST IN RESOLVING YOUR PROBLEM THROUGH MEDIATION.

---

LAADR 007 (Rev. 01-12)           DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS           Cal. Rules of Court, rule 3.221
LASC Adopted 07-04                                                                                                    Page 1 of 1

50

| NAME, ADDRESS, TELEPHONE, FAX, and E-MAIL: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties in the above-titled action stipulate to participate in the Alternative Dispute Resolution (ADR) process checked below:

☐ Mediation

☐ Arbitration (non-binding)

☐ Arbitration (binding)

☐ Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process (describe): _____

| Dated | Name of Stipulating Party ☐ Plaintiff ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|---|
| Dated | Name of Stipulating Party ☐ Plaintiff ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party ☐ Plaintiff ☐ Cross-complainant ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Number of additional pages attached to this document: _____

LAADR 001 (Rev. 04-12)
LASC Approved 10-04
For Optional Use

**STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 1

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

53

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                                      (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____ )
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____ )
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

>
_____
(ATTORNEY FOR PLAINTIFF)

>
_____
(ATTORNEY FOR DEFENDANT)

>
_____
(ATTORNEY FOR DEFENDANT)

>
_____
(ATTORNEY FOR DEFENDANT)

>
_____
(ATTORNEY FOR _____)

>
_____
(ATTORNEY FOR _____)

>
_____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐     Request for Informal Discovery Conference
   ☐     Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, _briefly_ describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, _briefly_ describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:  _____          _____
                                                         JUDICIAL OFFICER

NOTICE SENT TO:

The Harris Firm
5050 W. Lovers Lane
Dallas         TX   75209

ORIGINAL FILED
FILE STAMP

DEC 6 - 2012

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | CASE NUMBER |
|---|---|
| NARINDER S GREWAL M D ET AL | BC495864 |
| Plaintiff(s), | |
| VS. | |
| NOVA BENEFIT PLANS LLC ET AL | **ORDER TO SHOW CAUSE HEARING** |
| Defendant(s). | |

To the party/attorney of record: **THE HARRIS FIRM**

You are ordered to appear for an Order to Show Cause Hearing on <u>January 25, 2013</u> at <u>8:30 am</u> in <u>Dept. 58</u> of this court, Central District, 111 North Hill Street, Los Angeles, California 90012, and show cause why sanctions should not be imposed for:

**Failure to file Proof of Service of [ ] Petition [X] Summons and [X] Complaint [ ] Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to: ALL DEFENDANTS**

Failure to comply or appear may result in sanctions, pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[ ] To avoid a mandatory appearance all required documents must be filed in [ ] this Dept [X] Clerk's Office, Room <u>102</u> at least 5 court days prior to the date of the hearing.

[ ] The Court may infer from your failure to appear that possession of the premises is no longer at issue, and that your case is not entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

[ ] You are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

Dated: <u>December 6, 2012</u>

**ROLF M. TREU**
Judicial Officer

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date: <u>December 6, 2012</u>

John A. Clarke, EXECUTIVE OFFICER/CLERK

By _____, Deputy Clerk

ORDER TO SHOW CAUSE HEARING

LACIV 166-1 (Rev. 09/08)
LASC Approved 06-04

LASC Local Rules, Chapter 7
Cal. Rules of Court, rule 2.30

61

NOTICE SENT TO:

The Harris Firm
5050 W. Lovers Lane
Dallas          TX   75209

ORIGINAL FILED

FILE STAMP

DEC 6 – 2012

LOS ANGELES
SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | CASE NUMBER |
|---|---|
| NARINDER S GREWAL M D ET AL <br> Plaintiff(s), <br> VS. <br> NOVA BENEFIT PLANS LLC ET AL <br> Defendant(s). | BC495864 <br><br> **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for : February 27, 2013  at  8:30 am  in  Dept. 58 at 111 North Hill Street, Los Angeles, California  90012.

NOTICE TO DEFENDANT:      THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: December 6, 2012

**ROLF M. TREU**
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[X] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.

Date: December 6, 2012

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

62

MANATT, PHELPS & PHILLIPS, LLP
MARGARET LEVY (Bar No. CA 066585)
mlevy@manatt.com
ALISON SULTAN WHITE (Bar No. 240367)
aswhite@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Defendant*
COLUMBUS LIFE INSURANCE COMPANY

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 10 2013

John A. Clarke, Executive Officer/Clerk
By_____, Deputy

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| NARINDER S. GREWAL M.D., PRITPAL GREWAL and NARINDER S. GREWAL M.D., A MEDICAL CORPORATION, <br><br> Plaintiffs, <br><br> vs. <br><br> NOVA BENEFIT PLANS, LLC, NOVA SICKNESS, ACCIDENT & DISABILITY INDEMNITY PLAN & TRUST, NATIONAL WESTERN LIFE INSURANCE COMPANY, COLUMBUS LIFE INSURANCE COMPANY, FIDELITY GUARANTY AND LIFE INSURANCE COMPANY, EDWARDS, WILDMAN & PALMER, LLP f/k/a EDWARDS & ANGELL, LLP, WILLIAM J. HOWARD, HOWARD & ASSOCIATES, LLC, TFS ADVISORS, INC., JASON WILLET, DONALD TRUDEAU, and DOES 1 - 20, INCLUSIVE, <br><br> Defendants. | Case No. BC 495864 <br><br> Hon. Rolf M. Treu <br> Dept. 58 <br><br><br> **ANSWER OF DEFENDANT COLUMBUS LIFE INSURANCE COMPANY** <br><br><br> Action Filed: November 16, 2012 |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

COPY

63

Defendant Columbus Life Insurance Company ("Columbus Life"), for itself alone and for no other defendant, responds to the complaint filed by Plaintiffs Narinder S. Grewal M.D., Pritpal Grewal and Narinder S. Grewal M.D., A Medical Corporation ("Plaintiffs") as follows:

1.    Pursuant to Code of Civil Procedure Section 431.30(d), Columbus Life denies, generally and specifically, each and every allegation of the Complaint and each and every cause of action alleged against Columbus Life, and specifically denies that Plaintiffs were damaged in any sum or amount whatsoever by reason of Columbus Life's conduct or the conduct of any of its authorized agents or employees.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action or a Claim for Relief)

2.    The Complaint, and each purported cause of action asserted therein, fails to state facts sufficient to state a cause of action or a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

3.    The Complaint, and each purported cause of action asserted therein, is barred by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

4.    The Complaint, and each purported cause of action asserted therein, is barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.    The Complaint, and each purported cause of action asserted therein, is barred by the doctrine of unclean hands.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

2

ANSWER OF DEFENDANT COLUMBUS
LIFE INSURANCE COMPANY

**FIFTH AFFIRMATIVE DEFENSE**

(Laches)

6.     The Complaint, and each purported cause of action asserted therein, is barred by the equitable doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

(Due Process/Equal Protection)

7.     California Civil Code Section 3294 and the California Judicial Doctrine allowing oopen-ended extra-contractual and punitive damages for certain tort claims, if either is applicable herein as to Plaintiffs' claims, are invalid on their face and as applied to Columbus Life, as violating Article 1, Sections 1, 2, 7, 9, 16 and 17, Article III, Section 3 and Article IV, Section 1 of the California Constitution; and the Ex Post Facto Clause of Article I, Section 10, Article IV, Section 2, and the First Amendment and Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

**SEVENTH AFFIRMATIVE DEFENSE**

(Good Faith/Legitimate Interest)

8.     The actions and statements of Columbus Life to and with reference to Plaintiffs were a good faith and legitimate assertion of Columbus Life's rights and therefore are privileged.

**EIGHTH AFFIRMATIVE DEFENSE**

(Comparative Fault)

9.     The Complaint, and each purported cause of action asserted therein, is barred because Plaintiffs failed to exercise ordinary care, caution or prudence on their own behalf, and/or to avoid the happening of the alleged losses or damages, if any, set forth in the Complaint, and their failure to do so thereby directly and proximately caused and contributed to the happening of such losses and damages, if any.  Accordingly, any recovery by Plaintiffs must be reduced in proportion to the amount of negligence on their part.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

3          ANSWER OF DEFENDANT COLUMBUS
LIFE INSURANCE COMPANY

65

### NINTH AFFIRMATIVE DEFENSE

#### (Mitigation)

10.    Plaintiffs, in the exercise of reasonable diligence, could have mitigated their alleged monetary and other damages, but Plaintiffs failed to exercise reasonable diligence and did not mitigate the alleged damages.

### TENTH AFFIRMATIVE DEFENSE

#### (Third Party Fault)

11.    Persons and/or entities other than Columbus Life failed to and did not exercise ordinary care, caution or prudence in their dealings with Plaintiffs, and, by their failure to do so, directly and proximately caused and/or contributed to the damages allegedly sustained.  These persons or entities other than Columbus Life were acting without the consent, authorization, knowledge, and/or ratification of Columbus Life. Accordingly, any recovery against Columbus Life must be reduced in proportion to the amount of negligence on the part of such other persons and/or entities.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Impossibility)

12.    If Columbus Life has failed to perform any obligations owing to Plaintiffs, which Columbus Life denies, such performance was prevented or made impossible as a result of acts or omissions of Plaintiffs and/or other third parties.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Unconstitutionality)

13.    Plaintiffs' claims under Business and Professions Code Section 17200 *et seq.* are unconstitutional, violating the Due Process Clause of the Fifth and Fourteenth Amendments and similar and unrelated provisions of the California Constitution, *inter alia*, because the statute is unconstitutionally vague and it fails to provide finality to a successful defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

14.     Plaintiffs' first cause of action for fraud is barred by the three year statute of limitations set forth in California Code of Civil Procedure Section 338(d).

### FOURTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

15.     Plaintiffs' second cause of action for negligent misrepresentation and third cause of action for negligence are barred by the two year statute of limitations set forth in California Code of Civil Procedure Section 335.1.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

16.     Plaintiffs' fourth cause of action for breach of fiduciary duty is barred by the four year statute of limitations set forth in California Code of Civil Procedure Section 343.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

17.     Plaintiffs' fifth cause of action for unfair business practices under California Business and Professions Code Section 17200, et. seq., is barred by the four year statute of limitations set forth in California Business and Professions Code Section 17208.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

18.     Plaintiffs' sixth cause of action for violation of the consumer legal remedies act (California Civil Code § 1750 et. seq.) is barred by the three year statute of limitations set forth in California Civil Code Section 1783.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

19.     Plaintiffs' seventh cause of action for violation of Sections 790 through 790.15 of the California Insurance Code is barred by the three year statute of limitations set forth in California Civil Procedure Section 338(a) .

**NINETEENTH AFFIRMATIVE DEFENSE**

(Lack of Ratification)

20.     The damages allegedly sustained by Plaintiffs, if any, were either completely or partially caused and contributed to by conducts and acts of persons and/or entities, acting without the consent, authorization, knowledge, and/or ratification of Columbus Life.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Indemnification)

21.     Plaintiffs and the Trustee of the Nova Sickness, Accident & Disability Indemnity Plan & Trust (the "Trustee") have a duty to indemnify and hold Columbus Life harmless against all causes of action alleged in the Complaint pursuant to the December 5, 2005 Hold Harmless Agreement among those parties.  Pursuant to paragraph 3ii of the Hold Harmless Agreement, Plaintiffs and the Trustee are required to pay all of Columbus Life's attorneys fees and expenses incurred in this lawsuit.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Damages)

22.     The Complaint fails to allege facts sufficient to entitle Plaintiffs to an award of general and/or compensatory damages, or punitive damages.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Good Faith)

23.     Any and all actions taken by Columbus Life were fair and reasonable and were performed in good faith based on all relevant facts known to Columbus Life at the time.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Punitive Damages)

24.     Plaintiffs have failed to allege, and cannot prove, under the clear and convincing standard, the oppression, fraud, or malice required for an award of punitive damages pursuant to Civil Code Section 3294.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

25.    The Complaint, and each alleged cause of action, are barred, in whole or in part (or in the alternative is required to be stayed), pursuant to the doctrine of primary jurisdiction.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Business & Professions Code Section 17200)

26.    The Complaint, and each alleged cause of action are barred because Columbus Life practices as alleged are not "unfair", "unlawful", "fraudulent", or "deceptive" within the meaning of Business of Professions Code Section 17200.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Standing)

27.    Plaintiffs do not have standing to raise a claim against Columbus Life under Business and Professions Code Section 17204.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Injury in Fact)

28.    Plaintiffs have not shown reliance, in that they have not suffered injury in fact and have not lost money or property "as a result of" the conduct alleged in the Complaint.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

29.    Without conceding that Plaintiffs will prevail on the merits of any cause of action, Plaintiffs have a plain, common, adequate and speedy remedy at law, as alleged in the Complaint; as a result thereof, any and all equitable claims alleged herein, including but not limited to, those based on injunctive relief and restitutionary relief, are barred.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

7    ANSWER OF DEFENDANT COLUMBUS
LIFE INSURANCE COMPANY

69

1    **TWENTY-NINTH AFFIRMATIVE DEFENSE**

2    (No Irreparable Harm)

3        30.    Plaintiffs' claims are barred because neither Plaintiffs nor the individuals

4    they purport to represent suffered irreparable harm.

5    **THIRTIETH AFFIRMATIVE DEFENSE**

6    (No Ongoing Conduct)

7        31.    No grounds exist for injunctive relief, because, among other reasons, there is

8    no ongoing allegedly wrongful conduct to enjoin.

9    **THIRTY-FIRST AFFIRMATIVE DEFENSE**

10   (Civil Code Sections 3422 and 3423)

11       32.    Plaintiffs are precluded from obtaining injunctive relief under the applicable

12   provisions of law, including but not limited to California Civil Code Sections 3422 and

13   3423.

14   **THIRTY-SECOND AFFIRMATIVE DEFENSE**

15   (No Entitlement to Attorneys' Fees)

16       33.    Plaintiffs have failed to plead sufficient facts to support their claim for

17   attorneys' fees.

18   **THIRTY-THIRD AFFIRMATIVE DEFENSE**

19   (Attorneys' Fees)

20       34.    Pursuant to 29 U.S.C. Section 1132 (g) of ERISA, Columbus Life is entitled

21   to its reasonable attorneys' fees and costs incurred in defense of this action.

22   **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

23   (ERISA)

24       35.    The insurance policy purchased by Plaintiffs from Columbus Life was part

25   of a multiple employer welfare benefit plan subject to and governed by the Employee

26   Retirement Income Security Act of 1974, 29 U.S.C. Section 1001, et seq., ("ERISA"), and

27   Plaintiffs remedies for any alleged acts or omissions of Columbus Life are limited solely

28   to those afforded by ERISA.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

8        ANSWER OF DEFENDANT COLUMBUS
LIFE INSURANCE COMPANY

70

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(ERISA Preemption)

36.     Plaintiffs' purported state law causes of action are preempted by ERISA and therefore Plaintiffs' Complaint fails to allege facts sufficient to constitute a cause of action or a claim for relief against Columbus Life.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Administrative Remedies)

37.     Plaintiffs have failed to exhaust their administrative remedies under ERISA.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

(Additional Defenses)

38.     Columbus Life reserves its right to allege other affirmative defenses as they may become known during the course of discovery, and hereby specifically reserves the right to amend its Answer to allege said affirmative defenses at such time as they become known.

WHEREFORE, Columbus Life prays for judgment as follows:

1.     That Plaintiffs take nothing by reason of their Complaint on file herein;

2.     For Columbus Life's costs of suit incurred herein; and

3.     For such other and further relief as this Court may deem proper.

Dated:   January 9, 2013          MANATT, PHELPS & PHILLIPS, LLP
Margaret Levy
Alison Sultan White

By: _____
MARGARET LEVY
*Attorneys for Defendant*
COLUMBUS LIFE INSURANCE
COMPANY

306068124.1

9          ANSWER OF DEFENDANT COLUMBUS
LIFE INSURANCE COMPANY

1

**PROOF OF SERVICE**

2

I, Judy L. Feingold, declare:

3

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On January 10, 2013, I served a copy of the within document(s):

4

5

6

**ANSWER OF DEFENDANT COLUMBUS LIFE INSURANCE COMPANY**

7

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

8

9

| | |
|---|---|
| Anthony L. Vitullo<br>Fee Smith Sharp & Vitullo, LLP<br>13155 Noel Road, Suite 1000<br>Dallas, Texas 75230<br><br>Attorneys for Plaintiffs<br>*Narinder S. Grewal M.D., Pritpal Grewal and Narinder S. Grewal M.D., A Medical Corporation* | Dalton Harris<br>Laura Richards Sherry<br>The Harris Firm<br>5050 W. Lovers Lane<br>Dallas, Texas 75209<br><br>Attorneys for Plaintiffs<br>*Narinder S. Grewal M.D., Pritpal Grewal and Narinder S. Grewal M.D., A Medical Corporation* |
| John Malesovas<br>The Malesovas Firm<br>816 Congress Avenue, Suite 1265<br>Austin, Texas 78701<br><br>Attorneys for Plaintiffs<br>*Narinder S. Grewal M.D., Pritpal Grewal and Narinder S. Grewal M.D., A Medical Corporation* | |

10

11

12

13

14

15

16

17

18

19

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

20

21

22

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23

24

Executed on January 10, 2013, at Los Angeles, California.

25

26

_Judy L. Feingold_
Judy L. Feingold

27

305994804.1

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

## CV13- 232 DMG (MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Narinder S. Grewal M.D., Pritpal Grewal and Narinder S. Grewal M.D., A Medical Corporation | See Attachment |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Anthony L. Vitullo<br>Fee Smith Sharp & Vitullo, LLP<br>13155 Noel Road, Suite 1000<br>Dallas, Texas 75230<br>(972) 934-9100 / (972) 934-9200 fax<br>See Attachment | Manatt, Phelps & Phillips, LLP<br>Margaret Levy / Alison Sultan White<br>11355 West Olympic Boulevard<br>Los Angeles, CA 90064<br>(310) 312-4000 / (310) 312-4224 fax<br>Attorneys For Defendant, Columbus Life Insurance Company |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant

[ ] 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☒ MONEY DEMANDED IN COMPLAINT: $ 15,000,000.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Insurance action removed under 28 USC Section 1441(a) because diversity jurisdiction exists under 28 USC Section 1332(a). Also federal question jurisdiction under 29 U.S.C. Section 1001, et seq. (ERISA)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☒ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE/ PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVl |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSl (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

CV13-00232

CV-71 (05/08)  CIVIL COVER SHEET

American LegalNet, Inc.<br>www.FormsWorkflow.com

FOR OFFICE USE ONLY:   Case Number:

AFTER COMPLETING THE     NT SIDE OF FORM CV-71, COMPLETE THE INF     IATION REQUESTED BELOW.

CV-71 (05/08)                                        CIVIL COVER SHEET

American LegalNet, Inc.
www.FormsWorkflow.com

Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Ohio; Massachusetts; Delaware; Connecticut; Arizona; Maryland; Colorado; Texas |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Margaret Levy_   Date January 11, 2013

MARGARET LEVY

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

ATTACHMENT TO CIVIL COVER SHEET

**Narinder S. Grewal M.D., et al. v. NOVA Benefit Plans, LLC, et al.**
Los Angeles Superior Court Case No. BC 495864

I(a)   DEFENDANTS:

Nova Benefit Plans, LLC, Nova Sickness, Accident & Disability Indemnity Plan & Trust, National Western Life Insurance Company, Columbus Life Insurance Company, Fidelity Guaranty And Life Insurance Company, Edwards, Wildman & Palmer, LLP f/k/a Edwards & Angell, LLP, William J. Howard, Howard & Associates, LLC, TFS Advisors, Inc., Jason Willet, Donald Trudeau, and Does 1-20, Inclusive

I(b)   Plaintiffs Attorneys (Firm Name, Address and Telephone Number.
       If you are representing yourself, provide same.)

Dalton Harris
Laura Richards Sherry
The Harris Firm
5050 W. Lovers Lane
Dallas, Texas  75209
(214) 956-7474 / (214) 956-7405 fax

John Malesovas
The Malesovas Firm
816 Congress Avenue, Suite 1265
Austin, Texas 78701
(512) 708-1777 / (512) 708-1779

306088172.1